# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Margarita Bord<br>Michael Melikhov<br><br>Debtors | Case No.: 22-13647<br>Chapter: 13<br>Plan filed on 11/28/2022<br>Confirmation Hearing: 1/12/23<br><br>Judge Donald R. Cassling |

## OBJECTION TO CONFIRMATION OF PLAN FILED ON 11/28/2022

**NOW COMES** BMO HARRIS BANK, N.A., and/or its assigns (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on 11/28/2022 and in support thereof states as follows:

1. Debtors filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 11/25/2022 and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Movant intends to file a total debt proof of claim secured by an interest in the real property commonly known as 1680 Charles Dr., Wheeling, IL.

3. The Chapter 13 plan proposes that Debtor cure the pre-petition arrearage claim through Chapter 13 Trustee payments while maintaining current, post-petition mortgage payments.

4. However, since the loan has matured as of 9/14/2018, Movant intends to file a proof of claim indicating an estimated total payoff in the amount of $251,511.30.

5. Therefore, the plan must provide for payment in full of the entire balance within the term of the plan.

6. The proposed plan includes language in Section 8.1 that Debtor intends to pursue a mortgage modification through the mediation program. No loan modification has been applied for or completed, and the plan does not provide for any treatment of the loan in the event a loan modification is denied.

7. Section 8.1 also states that Debtor will make monthly payments to Movant in the amount of $1,200.00 which includes escrow for real estate taxes. The loan is non-escrowing and the Debtor is responsible for ongoing payment of real estate taxes.

8. That sufficient grounds exist for denial of confirmation as Debtor's plan:
   a. Fails to provide for a payoff of Movant's total debt claim;
   b. Fails to provide for correct plan treatment if loan modification is not reached;
   c. Includes payment of escrow to Movant when loan is currently non-escrowing;

Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding subject to court approval, including:

$550.00    for Objection to confirmation of the Chapter 13 plan including plan review and attending confirmation, if not separately billed.

**WHEREFORE,** BMO HARRIS BANK, N.A. prays this Court deny confirmation of the plan allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this December 1, 2022

        Respectfully Submitted,
        Codilis & Associates, P.C.

By: /s/ Terri M. Long

Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Berton J. Maley ARDC#6209399
Terri M. Long ARDC#6196966
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-19-01032

NOTE: This law firm is a debt collector.